UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE HERNANDEZ-
RODRIGUEZ,

        Petitioner,

    v.                          Case No.:  2:26-cv-01982-SPC-NPM

WARDEN, SOUTH FLORIDA
DETENTION CENTER *et al.*,

        Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Jorge Hernandez-Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Hernandez-Rodriguez is a native of Cuba who entered the United States on March 28, 1985. An immigration judge ordered him removed from the country on October 18, 1993. Hernandez-Rodriguez has been detained by Immigration and Customs Enforcement ("ICE") multiple times since then, most recently in 2018. ICE released him on an order of supervision on March 29, 2018. On January 17, 2026, local police arrested Hernandez-Rodriguez for driving with a revoked license, leaving the scene of a crash, cocaine possession, robbery, carjacking, and battery. ICE issued an immigration detainer a few days later. On March 2, 2026, ICE took custody of Hernandez-Rodriguez, notified him it revoked his release under 8 C.F.R. § 241.13(i) because he

violated a condition of release, and conducted an informal interview. Hernandez-Rodriguez argues his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Hernandez-Rodriguez's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. *See also Zadvydas v. Davis*, 533 U.S. 678, 700 (2001) (holding that a noncitizen released on conditions "may no doubt be returned to custody upon a violation of those conditions"). Hernandez-Rodriguez violated a condition of his release by violating state criminal law. ICE complied with § 241.13(i) by providing Hernandez-Rodriguez written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview. Hernandez-Rodriguez "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Hernandez-Rodriguez may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Hernandez-Rodriguez the process he is due. His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Jorge Hernandez-Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record